United States District Court
for the
District of Massachusetts

**05-11045 GAO**

Michael Isaez, Plaintiff

v.

Michael Maloney, Former Commissioner of Corrections
Eugene Marsolais, Former Director of Special Ops. Division
Edward Ficco, Superintendent of Souza Baranowski Correctional Center (S.BCC)
Robert Lashua, Lt. Team Leader on Extraction Team
Edmund Preston, Sgt. on Extraction Team
John Flowers, Sgt. on Extraction Team
Michael Cravens, Sgt. on Extraction Team
Brian McManus, Correctional Officer on Extraction Team
David Shaw, Correctional Officer on Extraction Team
Joseph Rackett, Correctional Officer on Extraction Team
Charles Hooper, Video Operator on Extraction Team
David Boldue, Correctional Officer on Extraction Team

— Defendants —

I. PRELIMINARY STATEMENT

1. This action is brought under 42 U.S.C sec. 1983, 1997e(e), seeking declaratory and injunctive relief and damages in redress for the extreme amount of brutal force used by the extraction team that led to the malicious and sadistic acts upon the plaintiff. The complaint also addresses several issues of the cruel, unusual and abusive treatment upon plaintiff when he returned from the outside hospital and was placed back in the unit and cell where he was maliciously beaten by the extraction team, he was placed in a cell with no property for approximately 3wks (three weeks) and subjected to abusive treatment by other correctional officers.

Plaintiff further claims of negligence and/or deliberate indifference upon him.

II. PARTIES

Plaintiff, Michael Baez, who is a citizen of the United States, is at all times relevant to the allegations herein, a prisoner in the custody of the MA DOC.

Defendant, Michael Maloney was the Commissioner of Corrections for the Commonwealth of Massachusetts. Maloney is named as a defendant in both his individual and official capacities.

Defendant, Eugene Marsolais was the Director of Special Operations throughout the regions, he is named as a defendant in his official capacities as relevant to this complaint for monitoring the security of special operations.

Defendant, Edward Ficco, is the Superintendent of S.B.C.C. (Souza-Baranowski Correctional Center). His duties fall under the care and custody of treatment of prisoners housed under his care, he is being sued in both his individual and official capacities.

Defendants, LaShua, Preston, Flowers, McManus, Shaw, Rackett, Cravedi and Hooper and Bolduc at all times relevant to this complaint, they were members of the extraction team and each are named in their individual and official capacities.

## III. JURISDICTION

Jurisdiction of the court is founded on 28 U.S.C Sections 1331, 1332 and 1343, Authority to award damages and grant declaratory relief derives from 28 U.S.C Sections 2201, 2202 and 1651. This court has pendant jurisdiction over the claims arising under Massachusetts law, as both the state and federal claims arise from a common set of facts.

## IV. STATEMENT OF FACTS

1. On June 26, 2002, plaintiff was housed at SBCC, confined in the South-Side Special Management Unit (S.M.U) locked up 23 hours a day in single cells.

2. On the above date, plaintiff along with other prisoners refused to return their food trays (plastic trays) because they wanted to speak to someone in charge in regards to confiscated and missing property, among several other related issues.
(Note: Description of Defendant — He was 21 years old, 5 ft. 7 in. and weighed 147 lbs, with an open mental health file.)

3. An extraction team was assembled because of the prisoners refusing to return their plastic food trays. The named defendants on this move team were dressed up in "full riot gear" including 2 shield men. (Review video and reports)

4. Prior to the extraction team entering plaintiffs cell, Deft. Lashua, approached plaintiffs cell and threatened serious bodily harm stating that he was the leader of this "group demonstration", and he will ensure that the amount of pain that will be inflicted would leave bruise & mental and physical scars, leaving an impression to where the next prisoner would have second thoughts about holding their food tray.

5. At some point in time, Deft. Ficco gave permission for the extraction team to enter plaintiffs cell while he was observing the whole operation of this malicious beating of plaintiff.

6. As described in paragraph 5, the extraction team rushed into plaintiffs cell and proceeded to beat him in the facial to his eyes, nose, cheeks and lips. - injuries -

INCLUDED SUTURES (30 SUTURES) TO EYEBROW WITH 2 BLACK EYES (ONE SWOLLEN SHUT) LACERATIONS AND BOOT PRINTS LACERATED TO PLAINTIFFS CHEEK. AND MOST IMPORTANT FACT TO REMEMBER - PLAINTIFF WAS SUBDUED IN RESTRAINTS AND STILL THE GUARDS CONTINUED TO BEAT HIM. (SEE MEDICAL DOCUMENTATION AND PHOTOS.)

10. AS DESCRIBED IN PARAGRAPH 9, AS RESULTS OF THESE INJURIES PLAINTIFF WAS TAKEN TO AN OUTSIDE HOSPITAL EMERGENCY ROOM TO RECEIVE SPECIAL MEDICAL TREATMENT (SEE REPORTS FROM NASHOBA DEACONESS AND NEW ENGLAND MEDICAL CENTER) THESE REPORTS WILL CONFIRM THAT PLAINTIFF DID NOT INCUR these INJURIES FROM A FALL OFF THE BED, THAT HE WAS IN FACT BEATEN, RECEIVED SEVERAL BLOWS TO THE FACE.

11. THE NAMED DEFENDANTS ON THE EXTRACTION TEAM WERE ACTING MALICIOUSLY AND SADISTICALLY THEY USED EXTREME AMOUNTS OF FORCE TO HURT PLAINTIFF BY INFLICTING TORTUROUS PAIN UPON PLAINTIFF WHO WAS OUT WEIGHED BY OVER A THOUSAND POUNDS (SEE PLAINTIFF DESCRIPTION IN PARAGRAPH 2) THESE DEFT'S WERE ALSO DRESSED IN FULL RIOT GEAR.

12. When plaintiff returned from the hospital unit days later he was placed on the same tier and was NOT allowed to have any property, he was deprived of proper toiletries and hygeine items and clothing, which also cause a great deal of mental stress and strain.

13. As described in paragraph 12, an affadavit is submitted by another inmate describing what plaintiff endured after he came back from the hospital unit, this affadavit consists of eye witness knowledge and he will be willing to testify under oath.

14. Plaintiff referred to "103 CMR 505:08 (1)(2)" the defendants violated their own regulations by using excessive force to punish plaintiff and to use him to set an example for other prisoners, so that they would not hold plastic food trays in the future.

15. Defendants Maloney and Marsolais knew or should have known that when they allowed Deft. Ficco to put a prisoner back into the same hostile enviroment as they did with plaintiff, he would suffer mental

pain and anguish, along with humiliation and emotional distress by guards who work the same prison.

16. As described in paragraph 15, plaintiff should have been immediately transferred to another prison setting away from guards who were employed at SBCC, so that he wouldn't be inflicted with the emotional distress which violated his constitutional rights.

17. A review of the attached photos and viewing of the videotape show that the extraction team inflicted these injuries on plaintiff violating CMR 505...

## V. Legal Claims

I. Defendants actions as set forth herein constitute cruel and unusual punishment of plaintiff in violation of the 8th Amendment to the United States Constitution, as well as Article 26 of the Mass. Declaration of Rights.

II. Defendants actions as set forth herein constitute deprivation of plaintiffs rights in

FROM THREATS AND HUMILIATION; C) FREEDOM FROM BEING DEPRIVED OF PERSONAL PROPERTY.

VII. DEFENDANTS BEHAVED INTENTIONALLY AND OUTRAGEOUSLY INFLICTING PAIN, FEAR AND HUMILIATION AMOUNTING TO INTENTIONAL INFLICTION OF EMOTIONAL STRESS AND PAIN.

VIII. AS A DIRECT AND PROXIMATE RESULT OF THESE DEFENDANTS' ACTIONS, PLAINTIFF SUFFERED THE INJURIES DESCRIBED IN THIS COMPLAINT.

### VI. REQUEST FOR RELIEF

A. AWARD COMPENSATORY DAMAGES IN THE AMOUNT OF $25,000 DOLLARS FROM EACH DEFENDANT.

B. AWARD PUNITIVE DAMAGES IN THE AMOUNT OF $100,000 DOLLARS.

C. APPOINT A LAW FIRM TO REPRESENT PLAINTIFF ON THIS PROCEEDING.

D. A TRIAL BY JURY ON ALL TRIABLE ISSUES.

E. Award such other reliefs as this court deems necessary and appropriate.

Respectfully submitted

Pro se

Date: 5-9-05

Michael Baez
PO Box 100
So. Walpole, MA
02071-0100

JS 44 (Rev. 3/99)          CIVIL COVER SHEET          ATTACHMENT 2

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Michael Baez

**DEFENDANTS** Michal Maloney, et al;

**(b)** County of Residence of First Listed Plaintiff Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-11045GAO

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Pro-Se

Attorneys (If Known) DOC - Legal Department

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Injury Product Liability / Liability | ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 810 Selective Service ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / Property Damage | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ / ☒ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | |
| ☐ 240 Torts to Land | Accommodations / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of 8th Amendments, ect.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/10/05    SIGNATURE OF ATTORNEY OF RECORD X _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) BAEZ v. Maloney et al's

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   — I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   — II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   — III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ✓ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   — V.   150, 152, 153.

   05-11045 GAO

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   NA

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES    NO ✓

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES    NO ✓

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES    NO ✓

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES    NO ✓

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES    NO ✓

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION       CENTRAL DIVISION       WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION       CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Michael Baez Pro se
ADDRESS  P.o. Box 100 S. Walpole MA 02071
TELEPHONE NO.

(Cover sheet local.wpd - 11/27/00)