U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| | |
|---|---|
| PLAINTIFF: Michael Baez | COURT CASE NUMBER: 05-11045-GAO |
| DEFENDANT: Michael Maloney, et al. | TYPE OF PROCESS: Civil Action |

SERVE → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Eugene Marsolais - Director of Special Ops

AT — ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

Souza Baranowski Corr Center
PO Box 8000 Shirley, MA 01464

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Michael Baez
MCI Cedar Junction
PO Box 100
So. Walpole, MA 02071-0100

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 12 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Employee of the Department of Corrections
Ph. 978-514-6500

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF  ☐ DEFENDANT

TELEPHONE NUMBER: [redacted]   DATE: 7/23/05

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process: 1 | District of Origin No. 38 | District to Serve No. 38 | Signature of Authorized USMS Deputy or Clerk | Date: 8/3/05 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service   Time   am / pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |

REMARKS: Served by Cert Mail 8/4/05 nf

PRIOR EDITIONS MAY BE USED — **1. CLERK OF THE COURT** — FORM USM-285 (Rev. 12/15/80)

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     MASSACHUSETTS

**MICHAEL BAEZ**
          Plaintiff
V.

**MICHAEL MALONEY, ET AL.**
          Defendants

**SUMMONS IN A CIVIL CASE**

CASE      C.A. 05-11045-GAO

TO: (Name and address of Defendant)

EUGENE MARSOLAIS (former Director of the Special Ops Division)
SOUZA BARANOWSKI CORRECTIONAL CENTER
PO BOX 8000
SHIRLEY, MA 01464

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MICHAEL BAEZ, PRO SE
MCI CEDAR JUNCTION
PO BOX 100
SO. WALPOLE, MA 02071-0100

* or answer as otherwise required by the Federal Rules of Civil Procedure.

an answer to the complaint which is herewith served upon you, _____20*_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**SARAH ALLISON THORNTON**
**CLERK**

6/27/05
DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL BAEZ,
    Plaintiff,

v.     Civil Action No. 05-11045-GAO

MICHAEL MALONEY, ET AL.,
    Defendants

ORDER ON APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES

Now before the Court is plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit:

## FINDINGS

The Court finds the following:

A.    Is plaintiff a "prisoner" as defined in 28 U.S.C. § 1915(h)?
      Yes ☒    No ☐

B.    Is a filing fee, under 28 U.S.C. § 1915(b), to be assessed at this time?

    1. Yes ☐   Plaintiff is obligated to pay the statutory filing fee immediately. See 28 U.S.C. § 1915(b)(1). ($250.00 for a civil action or $255.00 for a notice of appeal).

    2. Yes ☒   An initial partial filing fee of **$.80** is assessed pursuant to 28 U.S.C. § 1915(b)(1). The remainder of the fee **$249.20** is to be assessed in accordance with 28 U.S.C. § 1915(b)(2).

    3. Yes ☐   Plaintiff has proffered evidence of being without funds for six months and being currently without funds. Under 28 U.S.C. § 1915(b)(2), plaintiff is assessed an obligation to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account each time it exceeds $10.00 towards the payment of the $250.00 filing fee.

    4. No ☐   Plaintiff is not assessed a filing fee at this time.

**Page 1**

3

C.  After screening pursuant to 28 U.S.C. § 1915 and/or 28 U.S.C. § 1915A, which, if any, of the following findings does the court make?

   1.  Has the court determined that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted?

       No ☒    Yes ☐    as to the claims against defendant(s)
       _____

   2.  Has the court determined that the complaint seeks relief from a defendant or defendants who are immune from such relief?

       No ☒    Yes ☐    as to the claims against defendant(s)
       _____

   3.  42 U.S.C. § 1997e, Sec. 7(g)(2):

       "The court may require any defendant to reply to a complaint . . . if it [the court] finds that the plaintiff has a reasonable opportunity to prevail on the merits."

       Has the court first, determined that the complaint is sufficient to satisfy the pleading requirements for stating a cognizable claim and, second, found that the plaintiff has a reasonable opportunity to prevail on the merits on the remaining claims in the complaint against one or more defendants?

       a. Yes ☐    The court has so determined and found as to defendant(s)

       b. No ☐     because the court has determined that the complaint does not satisfy pleading requirements for stating a cognizable claim against
                   ☐ all defendants    ☐ the defendant(s)
                   _____

       c. No ☐     because the court has determined that the likelihood that plaintiff will prevail on the merits falls short of the "reasonable opportunity" standard of the statute, as to claims against
                   ☐ all defendants    ☐ the defendant(s)
                   _____
                   _____

       d. Cannot say

☒    It is not feasible for the Court to make a determination on these questions on the present record as to the claims against

☒ all defendants    ☐ the defendant(s)

## ORDERS

Based upon the foregoing, it is ORDERED:

1. May the application to proceed without prepayment of fees be GRANTED?
   Yes ☒    No ☐

2. If a finding is made under paragraph B above, is it a provisional finding that is subject to early modification?
   Yes ☒    No ☐

If the above answer is Yes, the following applies: If the plaintiff files, within 35 days of the date of this Order, either a certified copy of his/her prison trust account, or a statement signed by plaintiff under the pains and penalties of perjury, showing eligibility to proceed in this action without paying a filing fee or without payment of as much as found in paragraph B above to be assessed the plaintiff, the court will consider the certificate or statement in determining whether to modify paragraph B.

3. Is it FURTHER ORDERED, in accordance with 28 U.S.C. § 1915(b)(2), that the clerk send a copy of this Order to the institution having custody of plaintiff?
   Yes ☒    No ☐

4. Is it FURTHER ORDERED that the Clerk issue summons and the United States Marshal serve a copy of the complaint, summons, and this order as directed by the plaintiff with all costs of service to be advanced by the United States?
   No ☐    Yes ☒☒ as to all defendants
       ☐ only as to defendants _____

5. Is it FURTHER ORDERED that the Clerk dismiss certain claims in this action?
   No ☒    Yes ☐☐ as to all defendants
       ☐ only as to defendant(s)

**Page 3**

6.   a.   Although defendant(s) may not have been served with a summons and complaint, are the defendant(s) invited but not required to file an answer to aid the court in reaching a prompt final disposition on the merits?

        No ☐      Yes ☒☒ as to all defendants

                      ☐ only as to defendant(s)

OR

  b.   If the defendant(s) have been served with a summons and complaint, are the defendant(s) required to reply within the time specified in the summons?

        No ☐      Yes ☒☒ as to all defendants

                      ☐ only as to defendants
                      _____

Dated: June 24, 2005           /s/ George A. O'Toole
                                   GEORGE A. O'TOOLE
                                   UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL BAEZ,
    Plaintiff,

v.                                Civil Action No. 05-11045-GAO

MICHAEL MALONEY, ET AL.,
    Defendants

MEMORANDUM AND ORDER

O'TOOLE, D.J.

In his Complaint, Plaintiff has requested appointment of counsel. This request for appointment of counsel is denied without prejudice.

It is well settled that the decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS). In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's

ability to represent himself. DesRosiers, 949 F. 2d at 23-24 (citations omitted).

While the Court finds that the Plaintiff in this action has demonstrated that he is without sufficient funds to retain counsel, he has not yet demonstrated the kind of "exceptional circumstances" that warrant appointment of counsel in this action. Petitioner merely requests "a law firm be appointed" but does not provide any facts whatsoever to justify a *pro bono* appointment of counsel. There is no indication here that the Plaintiff is unable to represent himself competently due to lack of mental capacity or lack of understanding of the English language. In fact, Petitioner's pleadings to date appear to be well-organized and coherent, suggesting a proficiency in the English language and at least some familiarity with legal terms and prison law. The mere fact that he is a prisoner and is proceeding *pro se* is insufficient to call for appointment of counsel, because such assertions essentially could be made by any prisoner litigant. Further, Petitioner has not shown that this case raises novel or complex issues of law. Absent such indications, appointment is not warranted at this time, and the request is Denied.

The denial of the request, however, is without prejudice to renew after the Defendants have filed a response to the Complaint. If the Plaintiff wishes to renew his request, he must file a "Motion for Appointment of Counsel" setting forth the exceptional circumstances which he alleges exist in this case which would support the motion.

Dated: June 24, 2005         /s/ George A. O'Toole
                             GEORGE A. O'TOOLE
                             UNITED STATES DISTRICT JUDGE