UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

C.A. No. 05-11045-GAO

**MICHAEL BAEZ,**
    **Plaintiff**

    **v.**

**MICHAEL MALONEY, et al.,**
    **Defendants**

## ANSWER

The defendants Edward Ficco, Robert Lashua, Edmund Preston, John Flowers, Michael Cravedi, Brian McManus, David Shaw, Joseph Rackett, Charles Hooper, and David Bolduc, respond to the allegations set forth in the Complaint in the above-captioned action as follows.[1]

The numbers assigned by the plaintiff for each paragraph of the Complaint are in some parts of the Complaint either obscured or illegible as served on the defendants, and the numbers are therefore not included as part of the response to the allegations made therein. Where numbers for paragraphs are legible, they are noted in this Answer.

---

[1] Neither Michael Maloney nor Eugene Marsolais were employees of the Department of Correction at the time the Complaint was filed, and they have not been served with a summons and copy of the complaint. The Department of Correction and its employees are not authorized to accept service on behalf of either individual.

**PRELIMINARY STATEMENT**

1. This paragraph states the jurisdiction of the court, which does not call for a responsive pleading. To the extent that allegations of fact are made, they are denied.

**PARTIES**

1. Upon information and belief, the defendants admit the allegations.

2. The defendants admit only that Michael Maloney is a former Commissioner of Correction.

3. The defendants admit only that Eugene Marsolais was formerly the director of the Special Operations Response Unit.

4. The defendants admit only that Edward Ficco was formerly the superintendent of the Souza Baranowski Correctional Center. The defendant denies the remaining allegations, except to state that his duties as superintendent are set forth by statute and regulations, which speak for themselves.

5. The defendants admit the allegations of paragraph 5.

**JURISDICTION**

This portion of the complaint sets forth plaintiff's averment of law, which does not call for a responsive pleading.

3

**STATEMENT OF FACTS**

1. The defendants only admit the location of plaintiff's housing, and deny the remaining allegations.

2. The defendants admit only that the plaintiff refused to obey orders to return his food tray, and they deny the remaining allegations.

3. The defendants deny these allegations.

4. The defendants deny these allegations.

5. The defendants deny these allegations.

6. The defendants object to the averments of paragraph 7 appearing at the bottom of the page, which are not legible, and to which the defendants cannot respond. The defendants deny the remaining allegations.

7. The defendants deny these allegations.

8. The defendants deny these allegations.

9. The defendants object to the averments relating to photographs, because the copies served on the defendants are not clear and discernible. The defendants deny the remaining allegations.

10. The defendants deny these allegations.

11. The defendants deny these allegations.

12. The defendants deny these allegations.

4

13. The defendants object to the averments of paragraph 13, because no affidavit was provided to them. To the extent that other allegations of fact are made, the defendants deny them.

14. The defendants deny these allegations.

15. The defendants object to and deny the conclusory characterizations and conclusions of law contained in paragraph 15, and deny the purported allegations of fact.

16. The defendants deny these allegations.

17. The defendants deny these allegations.

### V.  LEGAL CLAIMS

I. The defendants object to and deny the conclusory characterizations and conclusions of law contained in this paragraph, and where purported allegations of fact are made, defendants deny them.

II. The defendants object to and deny the conclusory characterizations and conclusions of law contained in this paragraph, and where purported allegations of fact are made, defendants deny them.

III. The defendants object to and deny the conclusory characterizations and conclusions of law contained in this paragraph, and where purported allegations of fact are made, defendants deny them.

5

IV. The defendants object to and deny the conclusory characterizations and conclusions of law contained in this paragraph, and where purported allegations of fact are made, defendants deny them.

V. The defendants object to and deny the conclusory characterizations and conclusions of law contained in this paragraph, and where purported allegations of fact are made, defendants deny them.

VI. The defendants object to and deny the conclusory characterizations and conclusions of law contained in this paragraph, and where purported allegations of fact are made, defendants deny them.

VII. The defendants object to and deny the conclusory characterizations and conclusions of law contained in this paragraph, and where purported allegations of fact are made, defendants deny them.

VIII. The defendants object to and deny the conclusory characterizations and conclusions of law contained in this paragraph, and where purported allegations of fact are made, defendants deny them.

## **REQUESTS FOR RELIEF**

The defendants deny each and every request for relief.

## **AFFIRMATIVE DEFENSES**

If the plaintiff suffered injury, as alleged in the complaint, which is denied, the defendants assert the following affirmative defenses.

1. Defendants at all times acted reasonably, within the scope of their official discretion, and with the good faith belief that their actions were lawful and not in violation of any constitutional or other right of plaintiff in regard to all matters alleged in the complaint.

2. The plaintiff's complaint fails to state a claim upon which relief can be granted.

3. Because of his own acts or omissions, the plaintiff is estopped from raising any of the claims he might have against the defendants for any matters asserted.

4. Because of his own acts or omissions, the plaintiff has waived any claims he might have against the defendants for any of the matters asserted.

5. The defendants are not responsible for any injury suffered by plaintiff, if in fact any injury has occurred.

6. The plaintiff contributed to and thereby caused any injury that he alleges.

7. The defendants are entitled to sovereign and qualified immunity for their actions.

7

8. The plaintiff failed to exhaust his administrative remedies and is precluded from bringing suit.

THE DEFENDANTS REQUEST A JURY.

Dated: October 19, 2005

Respectfully submitted,

The defendants,
By their attorneys,

NANCY ANKERS WHITE
Special Assistant Attorney General

**/s/ Margaret Melville**
Margaret Melville
BBO #477970
Department of Correction
Legal Office
70 Franklin Street, Suite 600
Boston, MA 02110
617-727-3300 ext. 149

**CERTIFICATE OF SERVICE**

I, Margaret Melville, certify that on this day, I have served the plaintiff *pro* se in the above-entitled action with a true and accurate copy of the foregoing, and Certificate of Service at his addresses of record, by First Class Mail, postage prepaid.

October 19, 2005                         **/s/ Margaret Melville**
                                         Margaret Melville