UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
C.A. No. 05-11045-GAO

MICHAEL BAEZ,
    Plaintiff

v.

MICHAEL MALONEY, et al.,
    Defendants

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The defendants in the above-captioned action, through undersigned counsel, oppose the *pro se* prisoner plaintiff's motion to compel production of documents, pursuant to Fed. R. Civ. P. 34, on the ground that the defendants responded to the plaintiff's request for production of documents on September 7, 2006. When undersigned counsel received the plaintiff's present motion to compel, she served a second copy of the September 7, 2006 Defendants' Response to the Plaintiff's Request for Production of Documents on the plaintiff. Accordingly, the Court should deny the motion. Copies are attached.

The rule for requesting production of documents, on which the plaintiff relies, does not provide for an order compelling production. Fed. R. Civ. P. 34. Rather, only a failure to respond to a previously served request for production can give rise to a motion to compel, pursuant to Fed. R. Civ. P. 37. The defendants having responded to the

2

request, the motion to compel is groundless. *Pro se* prisoners are required to follow the rules of procedure when litigating, and the plaintiff should not be permitted to obtain an unfair advantage by ignoring procedural steps.

Accordingly, the Court must deny the plaintiff's motion to compel.

Respectfully submitted,

The defendants,
By their attorneys,

Dated: December 8, 2006

NANCY ANKERS WHITE
Special Assistant Attorney General

**/s/ Margaret Melville**
Margaret Melville
BBO #477970
Department of Correction
Legal Office
70 Franklin Street, Suite 600
Boston, MA 02110
617-727-3300 ext. 149

### CERTIFICATE OF SERVICE

I, Margaret Melville, certify that on this day, I have served the plaintiff *pro* se in the above–entitled action with a true and accurate copy of the foregoing, and Certificate of Service at his addresses of record, by First Class Mail, postage prepaid.
December 8, 2006                **/s/ Margaret Melville**
                                Margaret Melville

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

C.A. No. 05-11045-GAO

MICHAEL BAEZ,
    Plaintiff

v.

MICHAEL MALONEY, et al.,
    Defendants

### DEFENDANTS' RESPONSE TO THE PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Now come the defendants, and respond to the plaintiff's request for production of documents, paragraph by paragraph as follows.

**GENERAL OBJECTIONS AND RESPONSES**

1. Defendant objects generally to the Request to the extent that it seeks to impose obligations and duties beyond those required under Rules 26 and 34 of the Massachusetts Rules of Civil Procedure.

I. Defendant objects generally to the Request to the extent that defendant will not produce documents organized and labeled to corresponding requests but will produce documents as they are kept in the usual course of business to the extent that they exist and subject to all relevant objections.

II. Defendant objects generally to the Request to the extent that it seeks production of documents that would be of little or no relevance to the issues raised in the complaint, is overly broad and would subject defendant to unreasonable, oppressive and undue burden and expense, and is not reasonably calculated to lead to the discovery of admissible evidence.

2

III. Defendant objects generally to the Request and will not produce documents for inspection to the extent the Request seeks production of documents subject to the attorney-client privilege or the work-product immunity doctrine, or which are otherwise not subject to discovery under the Massachusetts Rules of Civil Procedure. To the extent that any document which is properly the subject of the attorney-client privilege or the work product immunity doctrine is inadvertently produced, such production is not to be construed as a waiver of the applicable protection, and such document(s) and all copies thereof, should be returned to counsel for defendant.

IV. Defendant expressly reserves all objections as to relevance, authenticity, or admissibility of any of the documents or responses.

V. Defendant objects generally to the Request to the extent that it seeks documents which are not in defendant's possession, custody, or control or which have not yet come into existence.

VI. Defendant objects generally to the definition of the term "all" and the use of the phrase "all documents" in the Request because, in light of the phrasing of the requests, the use of that definition and terminology results in requests that do not describe with reasonable particularity the documents requested and are overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

VII. Defendant objects generally to the Request to the extent that it implies or presupposes that the documents requested constitute "all" documents that existed during the relevant time period. Defendant therefore makes no representation as to

3

whether the documents currently in his possession, custody or control, constitute "all" documents that existed during such time. Nor does the defendant purport to have knowledge of "all" documents that are the subject of each request.

VIII. Defendant objects generally to the Request to the extent that it assumes the truth of facts not proven or facts not in evidence.

IX. Defendant reserves the right to supplement his production if additional documents are later located.

X. Defendant also reserves the right to rely, at the time of trial or in other proceedings in this action, upon documents and evidence in addition to the responses provided herein regardless of whether, <u>inter alia</u>, any such documents or evidence are newly-discovered or are currently in existence.

XI. Subject to and without waiving the objections presented herein, defendant will make available for inspection and copying any documents in response to the Request that have been located after a diligent search.

**SPECIFIC OBJECTIONS AND RESPONSES**

Subject to the foregoing objections and without waiving them, and without conceding that any documents are properly discoverable in the above-captioned action, relevant to the subject matter involved in the above-captioned action, or admissible as evidence, Defendant responds as follows:

**Request 1**

Any and all CMR's relating to use of force moves.

4

**Response 1**

The defendants object to the production of these documents on the grounds that they are equally available to the plaintiff and may be copied for him on request to the law librarian in the inmate law library at the institution in which he is housed.

**Request 2**

All staff incident reports written in regards to the "forced" extraction move on plaintiff on 6-26-2002.

**Response 2**

The defendant objects on the ground that these documents have already been provided to plaintiff as part of his public records request. Notwithstanding this objection, additional copies are attached.

**Request 3**

Copy of the Special Management Unit Rules and Regulations.

**Response 3**

The defendants object to this request on the grounds that the plaintiff was provided with copies of these rules during his orientation in the Unit. The defendants object to the production of these documents on the grounds that they are equally available to the plaintiff and may be copied for him on request to the law librarian in the inmate law library at the institution in which he is housed.

These rules and regulations are also available to inmates in the inmate law library.

5

**Request 4**

Copy of all color photographs taken by IPS pertaining to the moved team incident to include photographs of plaintiff, his cell and the unit itself.

**Response 4**

The defendant objects to this request on the ground that color copies of photographs are not available. The defendants object on the additional grounds of safety and security to the request of cell and housing unit photographs, because inmates are not permitted to have access to photographs of the various parts of the maximum-security prisons. Thus copies of the housing unit and cell cannot be provided.

With respect to black and white copies of the plaintiff and his own cell on the date in question, as requested, attached.

**Request 5**

Copy of inventory list of items removed from the plaintiff's cell during and after this extraction.

**Response 5**

The defendants are gathering this document and will provide it as soon as it is available.

**Request 6**

Copy of all IPS interviews in regard to inmate statements.

**Response 6**

After a reasonable search it appears that no such statements exist.

**Request 7**

Copy of plaintiff's complete medical file.

6

**Response 7**

The defendants do not have possession, custody or control of your medical file. A request must be made directly to the independent contractor, either UMass or CMS for copies of these records. Please contact the health services coordinator at your institution. A copy of your medical records gathered for your disciplinary hearing related to the use of force is attached.

**Request 8**

Copy of all videotapes taken during this move team (force move) extraction.

**Response 8**

The defendants object to this request on the ground that a copy of the only videotape has already been provided to your attorney at MCLS for the plaintiff in the course of responding to your public records request. Please contact Massachusetts Correctional Legal Services, 8 Winter Street, Boston, MA 02110.

**Request 9**

Copy of all personal staff and medical staffs [sic] names, records, backgrounds and all other information on staff who were present during this forced move.

**Response 9**

The defendants object to this request on the ground that the plaintiff, a state prison inmate serving state prison sentences for Armed Robbery, Use of Body Armor in Committing a Felony, Assault and Battery with a Dangerous Weapon, who previously served time for firearms convictions, and a commitment to Bridgewater State Hospital, and currently having

7

a prospective discharge date of November 11, 2007, is seeking personal information on public safety employees in violation of G.L. c. 4, §7 clause 26.

    For the names of the officers involved, see attached.

Respectfully submitted,

The defendants,
By their attorneys,

Dated: September 7, 2006

NANCY ANKERS WHITE
Special Assistant Attorney General

**/s/ Margaret Melville**
Margaret Melville
BBO #477970
Department of Correction
Legal Office
70 Franklin Street, Suite 600
Boston, MA 02110
617-727-3300 ext. 149

**CERTIFICATE OF SERVICE**

I, Margaret Melville, certify that on this day, I have served the plaintiff *pro* se in the above–entitled action with a true and accurate copy of the foregoing and Certificate of Service at his addresses of record, by First Class Mail, postage prepaid.

September 7, 2006                          /s/ Margaret Melville
                                                     Margaret Melville

December 8, 2006

Michael Baez
MCI-Cedar Junction
P.O. Box 100
MCI-Cedar Junction
So. Walpole MA 02071

**Re:**     **Baez v. Maloney, et al.**
            **USDC 05-11045**

Dear Mr. Baez:

    Enclosed please find a copy of the Defendants' Response to the Plaintiff's Request for Production of Documents, which was sent to you on or about September 7, 2006. Also enclosed is a copy of the defendants' opposition to your motion to compel.

    Thank you for your attention to this matter.

                          Sincerely,

                          Margaret Melville
                          Staff Counsel

Enc.